UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Lowes Foods, LLC, ) | Civil Action No.: 4:16-cv-00354-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Burroughs & Chapin Company, Inc., ) | |
| Grand Dunes Development Company, LLC, ) | |
| and Myrtle Beach Farms Company, Inc., ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the court on the parties' motions to seal exhibits to the parties' cross motions for summary judgment, responsive briefs, and Defendants' motion to exclude expert testimony of Mark Witte, PHD. *See* [ECF Nos. 67, 68, 70, and 88]. All parties agree that sealing the exhibits is appropriate because the exhibits contain confidential commercial and proprietary information, the disclosure of which may cause financial harm to the parties.

The court has reviewed the materials submitted on this matter. In accordance with *In re Knight Publishing Company,* 743 F.2d 231 (4th Cir. 1984), the court grants the foregoing motions to seal on a temporary basis. Because *In re Knight* requires the court to provide public notice of a party's request to seal and allow interested parties an opportunity to object, this order temporarily grants the motion to seal until October 15, 2018. If in the interim period any interested party wishes to object to the permanent sealing of the document at issue, that party may file a notice of appearance and state its objections. In the event any objections are filed, the court will schedule a hearing on the motion to seal and hear the arguments of all parties. Should no objections be filed by October 15, 2018, the temporary order will automatically convert to a permanent order to seal.

The Court has considered less drastic alternatives to sealing the exhibits and finds that less drastic alternatives are not appropriate in this case, as the documents concern confidential and proprietary information of the parties, the disclosure of which may cause financial harm to the parties. The court has independently reviewed the documents in camera and concludes that the documents do not lend themselves to selective redaction.

The court finds persuasive the arguments of counsel in favor of sealing the exhibits and rejecting the alternatives. The exhibits contain confidential, proprietary information that could damage parties' businesses if disclosed. The court notes that the litigant's interest in nondisclosure of such confidential commercial and proprietary information outweighs the public's right to access to this document. *See May v. Medtronic Inc.*, No. CA 6:05-794-HMH, 2006 WL 1328765, *1 (D.S.C. May 15, 2006). The confidential and sensitive nature of the information in the exhibits at issue requires that the documents be sealed. Therefore, the court **GRANTS** the parties' motions to seal [ECF Nos. 67, 68, 70, and 88] in accordance with the limitations stated herein. Should no objections be filed by October 15, 2018, this temporary order will automatically convert to a permanent order to seal.

IT IS SO ORDERED.

October 1, 2018　　　　　　　　　　　　　　　　　s/ R. Bryan Harwell
Florence, South Carolina　　　　　　　　　　　　R. Bryan Harwell
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge